UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM WYATT,                )
                              )
        Plaintiff,             )
                              )   CAUSE NO. 3:17-CV-413 RLM
    vs.                       )
                              )
L. ALDREDGE, et. al.,         )
                              )
        Defendants.            )

OPINION AND ORDER

William Wyatt, a prisoner representing himself, filed a complaint alleging that he slipped and fell getting out of a transport van at the Miami Correctional Facility (Miami). "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, the court must review the merits of a prisoner complaint. 28 U.S.C. § 1915A.

Though not heavy on detail, the complaint alleges that Mr. Wyatt slipped and fell while getting out of a transport van at Miami. Sgt. Aldredge was present while Mr. Wyatt was getting out of the van, but he was distracted talking to other officers. As Mr. Wyatt stepped out of the van, his leg shackles got caught on the vehicle's running boards, causing him to fall and hit his head. My Wyatt contends that Sgt. Aldredge was negligent in allowing him to get out of the van unassisted. He sues Sgt. Aldredge, Miami and the Indiana Department of Corrections.

Mr. Wyatt hasn't alleged a plausible Eighth Amendment violation. Prison conditions violate the Eighth Amendment if they pose a substantial risk of serious harm and prison officials are deliberately indifferent to the risk. Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[N]ot every deviation from ideally safe conditions constitutes a violation of the constitution. The Eighth amendment does not constitutionalize torts. Nor does it require complete compliance with the numerous OSHA regulations." French v. Owens, 777 F.2d 1250, 1257 (7th Cir. 1985) (quotation marks and citations omitted.)

> Conditions of confinement must be severe to support an Eighth Amendment claim; "the prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Farmer [v. Brennan, 511 U.S. 825, 834 (1994)] (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). See also, Lunsford v. Bennett, 17 F.3d 1574, 1579 (7th Cir. 1994) (the Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society."); Jackson [v. Duckworth,] 955 F.2d [21,] 22 [(7th Cir. 1992)].

Morissette v. Peters, 45 F.3d 1119, 1123 (7th Cir. 1995) (parallel citations omitted). "An objectively sufficiently serious risk, is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." Christopher v. Buss, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted). But "slippery surfaces and shower floors in prison, without more, cannot constitute a hazardous condition of confinement" that violates the Eighth Amendment. Pyles v. Fahim, 771 F.3d 403, 410-411 (7th Cir. 2014). Mr. Wyatt has simply alleged that his shackles got caught on something, causing him to fall getting out of the van. He doesn't identify what the

2

shackles got caught on nor does he give any information about the condition of the van or its running boards. He must do more to plausibly allege that the van posed a significant risk of extreme harm to him. Anderson v. Morrison, 835 F.3d 681 (7th Cir. 2016).

Nor has Mr. Wyatt alleged that anyone was deliberately indifferent to a significant risk of harm. Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

At most, Mr. Wyatt alleges that Sgt. Aldredge was negligent in not helping him out of the van. Negligence on an official's part doesn't violate the Constitution, and it isn't enough that he should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It's not enough to show that

3

a defendant merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence doesn't state a claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000). Mr. Wyatt doesn't allege that Sgt. Aldridhe was aware of any dangerous condition or that he disregarded this known condition. Without more, Mr. Wyatt might have a state law claim for negligence, but he can't maintain this action under Section 1983.

Though it doesn't appear that Mr. Wyatt could state a Section 1983 claim even if he files an amended complaint, the court will let him try if he thinks he can address the deficiencies noted above. Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013). If he decides to file an amended complaint, he should get a blank copy of this court's complaint form from the law library and write the cause number for this case in the caption on the amended complaint. In the amended complaint, Mr. Wyatt must explain how and why getting out of the van posed a significant risk of extreme harm to him and must also explain how the named defendants were deliberately indifferent to that dangerous condition.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form and send it to William Wyatt;

(2) GRANTS William Wyatt until October 26, 2017, to file an amended complaint; and

(3) DIRECTS the clerk to enter judgment for the defendant if Mr. Wyatt doesn't file an amended complaint by that deadline.

SO ORDERED.

ENTERED: September 29 , 2017      /s/ Robert L. Miller, Jr.
                                  Judge
                                  United States District Court